<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOOSE MOUNTAIN MARKETING, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>ALPHA INTERNATIONAL, INC.,<br><br>            Defendant. | Civ. No. 03-4035 (WGB)<br><br><u>**MEMORANDUM OPINION**</u> |

**APPEARANCES:**

Stephen F. Roth
**LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP**
600 South Avenue West
Westfield, New Jersey 07090

    Counsel for Plaintiff

Venessa R. Elliott
**BEATTIE PADOVANO LLC**
50 Chestnut Ridge Road
Montvale, New Jersey 07645

    Counsel for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

    Alpha International, Inc. ("Alpha"), a toy manufacturer and distributor, acquired the assets of a now-defunct toy company, Empire of Carolina, Inc. ("Empire"). Alpha sued Moose Mountain Marketing, Inc. ("Moose Mt."), also a toy manufacturer, in the United States District Court for the Southern District of New

York ("New York case") on March 21, 2002 for, among other things, copyright infringement of an Empire toy line. In the New York case, which is currently ongoing, Alpha alleges that Moose Mt. and another party intentionally copied the line of toys that Alpha later purchased from Empire's asset sale.

Moose Mt., defendant to the New York case, filed this lawsuit alleging (1) that Alpha committed a prima facie tort[1] against Moose Mt. by "illegally obtaining the choses in action against Moose Mountain, when Alpha knew in fact that it did not actually acquire these choses in action from Empire," and (2) that Alpha violated New York's anti-champerty law[2] "when it

---

[1] "The only case suggesting the existence of the cause of action for prima facie tort in New Jersey is Trautwein v. Harbourt, 40 N.J.Super. 247, 266, 123 A.2d 30 (App. Div.), certif. denied, 22 N.J. 220, 125 A.2d 233 (1956), where the New Jersey Appellate Division rejected a cause of action for malicious exclusion from membership in a fraternal organization, but found 'no difficulty with the theoretical concept, expressed in various ways by modem [sic] jurisprudence, that intentional, willful or malicious harms of any kind are actionable unless justified.'" Perry v. Gold & Laine, P.C., 371 F. Supp. 2d 622, 627 (D.N.J. 2005).

[2] New York's champerty statute provides:
> No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly... shall solicit, buy or take an assignment of... a bond, promissory note, bill or change, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon....

N.Y. Jud. Law § 489.

illegally acquired the purported choses in action against Moose Mountain from Empire." (Complaint at ¶¶ 25, 30.)  Alpha now moves for the Court to dismiss Moose Mt.'s claims on the basis of Fed. R. Civ. P. 13(a), arguing that the claims should have been presented in the now-pending New York case as compulsory counterclaims.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391.

For the reasons set forth below, Defendant's motion to dismiss is **granted**.

**I. Analysis**

"By definition, a compulsory counterclaim is closely related to the opposing party's claim, since both arise out of the same circumstances; therefore it is in the interest of judicial convenience to have the claim and counterclaim adjudicated together." WRIGHT, MILLER & KANE, <u>6 Federal Practice and Procedure</u>, §1409, at 47 (2ed. 1990).  Generally, courts broadly construe what constitutes a "transaction or occurrence." <u>Id</u>. at 50.  The effect of the rule on compulsory counterclaims is a preclusion to instituting a later independent action on the unasserted counterclaim.  <u>Id</u>. §1417, at 131.  Should a court discover that an action before it is pending in another federal suit, "it will stay its own proceedings or dismiss the claim with leave to plead it in the prior action." <u>Id</u>. §1418, 143-44; <u>see also</u> <u>Transamerica</u>

Occidental Life Ins. Co. v. Aviation Office of Am., et al., 292 F.3d 384, 389 (3d Cir. 2002) (affirming Judge Bissell's decision to dismiss pursuant to Rule 13(a) noting the underlying policy of that Rule is judicial economy and holding that there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim "bears a logical relationship to an opposing party's claim.").

The Third Circuit has held that "the operative question in determining whether a claim is a compulsory counterclaim is whether it bears a 'logical relationship' to the opposing party's claim."  In re Kaiser Group Int'l Inc., 399 F.3d 558, 567 (3d Cir. 2005); Transamerica, 292 F.3d at 389.  The complaints and answers demonstrate that Moose Mt. is essentially requesting the Court to determine that Alpha "illegally" purchased, or purchased with the intent to harm, the causes of action previously available to Empire and, in Moose Mt.'s own words, "are now the subject of the New York action."  (Plaintiff's Opposition Br. at 5.)  As the subject of that litigation, Moose Mt.'s claims naturally arose from Alpha's suit in New York.  Under this situation, it is difficult to imagine another legal action bearing a closer relationship to that of its sister-lawsuit.

Moose Mt.'s argument that it is entitled to bring these claims because it did not possess them at the time it answered

4

Alpha in the New York case is meritless. The docket-report for the Southern District of New York reflects that Alpha filed a Second Amended Complaint on August 23, 2004. Moose Mt. filed a Second Amended Answer on September 20, 2004. Moose Mt. filed its Complaint in the District Court of New Jersey on August 8, 2003. Clearly, Moose Mt. "possessed" these claims by the time it filed its Second Amended Answer in New York and it could have incorporated them into its Amended Answer as counterclaims. Furthermore, Moose Mt. has the option to make a motion in the New York District Court to admit its counterclaims against Alpha. "Rule 13(e) provides that a party, with the court's permission, may add by supplemental pleading any counterclaim that either matured or was acquired after the service of his pleading." WRIGHT, §1428, at 206.

Moose Mt. also contends that "there would only be a bar to their assertion in this action if the New York action were complete." (Plaintiff's Opposition Br. at 35.) Agreeing with Moose Mt.'s argument, however, would undermine the principles of Rule 13(a). Indeed, the Third Circuit has emphasized that judicial economy is the underlying purpose of Rule 13(a). See Transamerica, 292 F.3d at 389-90, 391, 393. It is particularly noteworthy that in Transamerica the Third Circuit affirmed the dismissal of a suit on the basis of Rule 13(a) while the action was pending in another jurisdiction. Id. at 388.

5

**II. Conclusion**

For the reasons set forth in this Opinion, Defendant's motion to dismiss is **granted**.

An appropriate Order follows.

Dated: December 28, 2005

                                          /S/ WILLIAM G. BASSLER
                                          William G. Bassler, U.S.S.D.J.